UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAYMOND LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-1070 |
| | ) | |
| PEORIA COUNTY JAIL OFFICER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However,

conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). As an initial matter, plaintiff's motion to amend complaint (#4) is granted, and the court will review the allegations made therein.

Plaintiff was detained at the Peoria County Jail ("jail"). Plaintiff alleges that, on January 15, 2018, Defendant Gilmore, a guard, grabbed his throat, slammed him on the ground, and placed plaintiff in a chokehold until plaintiff lost consciousness. Plaintiff also alleges that Defendant Jones, a sergeant, instructed that plaintiff would "keep getting choked until [plaintiff] stopped fighting." Plaintiff alleges that he received medical treatment the next day for neck pain and cuts inside his mouth, and that Defendant Johnson would not speak to him until plaintiff "came up with a better story."

Plaintiff states a Fourteenth Amendment claim against Defendant Gilmore for excessive force given his detainee status as the time of the incident. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). Plaintiff also states a Fourteenth Amendment claim

for failure to intervene against Defendant Jones.  *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

Plaintiff, however, does not state a claim for deliberate indifference to a serious medical need based upon a one-day delay in receiving treatment as no plausible inference arises that his injuries were life-threatening or that they required emergency medical care.  *See Jellis v. Hulick*, 422 F. App'x 548, 549-50 (7th Cir. 2011).  Plaintiff does not state a claim against Defendant Johnson as there exists no affirmative duty to investigate or accept plaintiff's version of events.  *See Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012).  Finally, plaintiff cannot sue Defendants Guyton and Turner, the Superintendent and Assistant Superintendent, respectively, just because they are in charge.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

**It is therefore ordered:**

1.     Plaintiff's Motion to Amend Complaint (#4) is granted. Clerk is directed to separately docket the motion as an amended complaint.

2.     Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a

Fourteenth Amendment claim for excessive force against Defendant

Gilmore, and a Fourteenth Amendment claim against Defendant

Jones for the alleged failure to intervene in the use of excessive

force.  Any additional claims shall not be included in the case,

except at the court's discretion on motion by a party for good cause

shown or pursuant to Federal Rule of Civil Procedure 15.

    3.    This case is now in the process of service.  The plaintiff is

advised to wait until counsel has appeared for the defendants

before filing any motions, in order to give the defendants notice and

an opportunity to respond to those motions.  Motions filed before

defendants' counsel has filed an appearance will generally be denied

as premature.  The plaintiff need not submit any evidence to the

court at this time, unless otherwise directed by the court.

    4.    The court will attempt service on the defendants by

mailing each defendant a waiver of service.  The defendants have 60

days from the date the waiver is sent to file an answer.  If the

defendants have not filed answers or appeared through counsel

within 90 days of the entry of this order, the plaintiff may file a

motion requesting the status of service.  After the defendants have

been served, the court will enter an order setting discovery and dispositive motion deadlines.

5.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

7.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

9.    The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in

mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.   If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.   The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12.   The clerk is directed to add Brian Asbell, Rhonda Guyton, Carmisha Turner, Brian Johnson, Jack Jones, and A. Gilmore as defendants.

13.   The clerk is directed to terminate Brian Asbell, Rhonda Guyton, Carmisha Turner, and Brian Johnson as defendants.

14.   The clerk is directed to attempt service on Defendants Gilmore and Jones pursuant to the standard procedures.

15.   Plaintiff's motion for counsel [7] is denied, with leave to renew upon demonstrating that he made attempts to hire his own

counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 17th day of April, 2018.

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE